

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO:                    /MAGISTRATE:

## 99-6774
## CIV-ZLOCH

MAGISTRATE JUDGE
SELTZER

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, a
Massachusetts corporation,

      Plaintiff,

vs.

LISA H. MAY, individually and as Trustee
of the MARITAL TRUST under the will
of PAUL M. MAY,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Massachusetts Mutual Life Insurance Company ("MassMutual"), sues Defendant,

Lisa H. May, individually and as Trustee of the Marital Trust ("Defendant") under the will of Paul

M. May ("Mr. May").

### I. NATURE OF THE ACTION

1.     MassMutual brings this action against Defendant to rescind an adjustable premium

term life insurance policy, number 11 014 997 (the "Policy"), issued to Mr. May.  A copy of the

Policy and the MassMutual Application for the Policy ("Policy Application"), which was attached

to the Policy and a part of the Policy when issued, is attached to this Complaint as Composite



Exhibit "A." MassMutual seeks rescission of the Policy pursuant to Florida Statute Section 627.409, because of the misrepresentations, misstatements, omissions, and/or concealments of facts in the Policy Application concerning Mr. May's health or medical history. Mr. May did not disclose to MassMutual, as the Policy Application obligated him to do, that shortly before he signed the Policy Application, Mr. May suspected and sought treatment for a growth on his neck. This growth was diagnosed to be cancer. It was this cancer that ultimately led to Mr. May's death less than a year after the Policy was issued.

## II. PARTIES

2.     The Plaintiff, MassMutual, is a Massachusetts corporation, whose principal place of business is in Massachusetts. MassMutual conducts business in Florida, including Broward County, Florida.

3.     The Defendant is a citizen and a resident of Broward County, Florida. Before he died, Mr. May was a citizen and resident of Broward County, Florida. His estate is being or has been probated in Broward County Circuit Court.

## III. JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states. MassMutual is a citizen of Massachusetts. Defendant is a citizen of Florida. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Policy that forms the basis of this action has a face value of $2,000,000. See Policy at Cover Page.

2

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because Defendant resides in this district, and this is the district in which a substantial part of the events and omissions giving rise to the claim occurred.

## IV.  FACTS

**A.      Mr. May's Answers to Medical Questions Asked in the Policy Application**

6.      On March 30, 1998, Mr. May signed Part 2 of the Policy Application.  Part 2 of the Policy Application contains questions about the applicant's health and medical history.

7.      On April 3, 1998, Mr. May signed Part 1 of the Policy Application.  The Questions in Part 1 concern general data about the applicant and the policy options the applicant may select. Part 1 of the Policy Application signed by Mr. May states:

> This is Part 1 of an application for Life Insurance.  The application includes any Part 2 that may be required and any amendments and supplements to either Part.  To the best knowledge and belief of the person(s) signing below, *all statements in this Part 1 are complete and true and were correctly recorded*.  Each person signing below adopts all of the statements made in the application and agrees to be bound by them.

Policy Application, Part 1, at 6 (emphasis added).

8.      Mr. May signed the Policy Application below this statement in Part 1, page 6 of the Policy Application.

9.      Part 2 of the Policy Application states:

> I agree that: (1) this application consists of Parts 1 and 2 and any amendments and supplements which shall be attached to the policy if issued and (2) no knowledge on the part of any agent, medical examiner or any other person as to any facts pertaining to me shall be considered as having been made to or brought to the knowledge of the Company unless stated in either Part 1 or part 2 of this application or any amendments or supplements.  To

3

> the best of my knowledge and belief, ***all information is complete and true and was correctly recorded before I signed my name below***.

Policy Application, Part 2, at 3 (emphasis added).

10.    Mr. May signed the Policy Application below this statement in Part 2, page 3 of the Policy Application.

11.    Part 2 of the Policy Application, Question 28 asks, "**<u>Other than previously stated in this application</u>**, within the last five years have you:" (emphasis in application).  Subsection (b) continued, "*Had a consultation*, surgery, or injury requiring treatment by a physician, hospital or other medical facility?" (emphasis added).

12.    Mr. May answered yes to Question 28(b), but listed only that he had surgery in August 1992 at Broward General Hospital for the removal of a kidney stone.  <u>See</u> Policy Application, Part 2, at 3, Question 29 (explaining answer of "yes" to Question 28(b)).

13.    Part 2 of the Policy Application, Question 28 asks, "**<u>Other than previously stated in this application</u>**, within the last five years have you:" (emphasis in application).  Subsection (d) continued, "*Been advised to have medical treatment, diagnostic tests*, hospitalization or surgery which was not completed; *or are you now planning to seek such advice or treatment*?" (emphasis added).

14.    Mr. May answered no to Question 28(d).

15.    Part 2 of the Policy Application, Question 30, requests information concerning the applicant's personal physician.  Answering subsection (a) of Question 30, Mr. May listed as his personal physician Dr. Leonard Erdman of Ft. Lauderdale, Florida.  Answering subsection (b) of

STEEL HECTOR & DAVIS LLP

Question 30, which asked for the "[r]eason you last consulted this physician," Mr. May stated that he had last seen Dr. Erdman in March 1997 for a cold, but had received no medication or treatment.

16.     MassMutual conducted a routine telephone interview of Mr. May on April 28, 1998. During that telephone interview, a MassMutual representative asked Mr. May who his doctor was and why he had seen this doctor.  Mr. May responded that his physician was Dr. Leonard Erdman, and that he went to see this doctor a month prior to April 28, 1998, to get a routine physical examination.

17.     On April 30, 1998, MassMutual underwriter Edwin Skribiski, Jr. asked the insurance agent who was working with Mr. May in conjunction with the Policy to find out from Mr. May if any symptoms had prompted his March 1998 visit to Dr. Erdman and what the results of the examination were.

18.     On May 5, 1998, Maureen Smith, the secretary for the MassMutual insurance agent who was dealing with Mr. May, spoke with Mr. May over the telephone.  Mr. May told Ms. Smith that the reason he had gone to Dr. Erdman was because he had not had a complete physical in some time, that all results of the physical were normal, and that he was in "great health."  Ms. Smith communicated Mr. May's response to MassMutual on or about May 7, 1998.

19.     In reliance on Mr. May's assurances that he was in "great health" and that Mr. May was not experiencing any medical symptoms, MassMutual issued the Policy on May 13, 1998.

20.     On May 18, 1998, MassMutual delivered the Policy to Mr. May.  At the same time, Mr. May signed an amendment to the Policy Application.  This amendment stated, "QUESTION 30B OF THE PART 2 SHOULD READ: HAD COMPLETE PHYSICAL IN 3/98 BY DR.

5

ERDMAN. ALL FINDINGS NORMAL. NO SYMPTOMS PREEMPTED [SIC] THE EXAM."[1] At the time of the amendment or prior to the amendment, Mr. May did not say anything to MassMutual or to the agent who delivered the Policy about his having any health problems or symptoms or that Mr. May or his doctors had noticed or were evaluating anything unusual or of concern relating to his health. Above his signature, the amendment provided, "The person(s) signing below agree that the application is amended as set forth in this amendment."

**B.    MassMutual Learns of Mr. May's Misrepresentations, Misstatements and Omissions**

21.    On or around April 5, 1999, MassMutual was advised by Ms. Smith that on April 2, 1999, Mr. May had died.

22.    On or about May 19, 1999, MassMutual received a "Claimant's Statement" from Defendant Lisa H. May, as "Trustee of the Marital Trust under the insured's [Paul M. May] probated will," requesting the Policy proceeds.

23.    Because Defendant's claim for the Policy proceeds was made during the contestable period, MassMutual conducted a routine investigation of the claim.

24.    During this routine investigation, MassMutual learned that Mr. May made misrepresentations, incorrect statements of fact, and/or omissions or concealments of fact in the Policy Application with respect to his health or medical history.

25.    As alleged above, Question 28 of Part 2 of the Policy Application asked whether, in the last five years, Mr. May had a medical consultation. Question 28 also asked whether, in the last

---

[1]    The use of the term "preempted" was a typographical error. The communications among the MassMutual underwriter, Mr. May's insurance agent, and Ms. Smith reveal that Mr. May was asked, and that he responded, that no symptoms *prompted* his physical examination.

6

five years, Mr. May had been advised to seek medical treatment or was planning to seek medical advice or treatment. In his answers to Question 28, Mr. May did not disclose that he had visited a dermatologist, Dr. Murray D. Smith, on March 12, 1998. Mr. May visited Dr. Smith because Mr. May and his wife had noticed a lump on the right side of Mr. May's neck. Mr. May further failed to disclose that Dr. Smith referred Mr. May on to Dr. Erdman for an evaluation of the area.

26.     Also contrary to his answers to Question 28, Mr. May sought medical treatment by writing to Dr. Erdman on March 13, 1998 and requesting a physical examination.

27.     As alleged above, Question 30 in Part 2 of the Policy Application, which was amended and signed by Mr. May on May 18, 1998, asked why Mr. May last consulted his family physician. Mr. May told MassMutual that he had gone to see Dr. Erdman for a routine physical and that he was in "great health." In fact, however, one of the reasons that Mr. May visited Dr. Erdman on April 7, 1998 was because of the lump that Mr. May had detected on his neck. Mr. May never told MassMutual about the lump or that he had visited Dr. Erdman about the lump.

28.     Mr. May further misrepresented and/or failed to tell MassMutual that Dr. Erdman referred Mr. May to Dr. Jonathan S. Levine, a surgical oncologist.

29.     Mr. May further misrepresented and/or failed to tell MassMutual that Mr. May visited Dr. Levine on April 17, 1998. Dr. Levine conducted a fine needle aspiration of the lump on Mr. May's neck. Dr. Levine treated Mr. May with antibiotics for a few weeks, but Mr. May showed no signs of improvement.

30.     On May 19, 1998, Dr. Levine did an open biopsy of the lump on Mr. May's neck and thereafter diagnosed Mr. May with metastatic malignant melanoma. MassMutual never knew about Mr. May's visit to Dr. Levine, or about the biopsy.

7

31.    Mr. May died from metastatic malignant melanoma less than one year later, on April 2, 1999.

32.    MassMutual first learned of Mr. May's misrepresentations, omissions, concealments of fact and/or incorrect statements after Mr. May died, when MassMutual conducted its routine investigation.

33.    On June 8, 1999, a MassMutual field investigator met with Defendant's counsel to advise Defendant that as a result of Mr. May's conduct, MassMutual was rescinding the Policy and was tendering a refund to Defendant in the amount of the premiums paid, plus interest. Defendant's counsel was presented with a check made payable to Defendant, in the amount of $3,407.92. Defendant's counsel, on behalf of Defendant, refused to accept the check and refused to agree to rescind the Policy.

34.    MassMutual hereby renews its prior request to rescind the Policy and hereby renews its offer to tender a refund of the amount of the premiums paid, plus interest.

## V. COUNT I

### CLAIM FOR RESCISSION PURSUANT TO SECTION 627.409 OF THE FLORIDA STATUTES

35.    MassMutual realleges and incorporates by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36.    All conditions precedent to the filing of this action have been performed, waived, or otherwise satisfied.

8

37.     The above alleged statements, representations and information Mr. May gave concerning his health or medical history were misrepresentations, omissions, concealment of facts and/or incorrect or false statements of material fact.

38.     Mr. May knew that these statements made about his health or medical history were false.

39.     Mr. May's misrepresentations, omissions and concealments of fact, and/or incorrect or false statements of material fact regarding his health or medical history were fraudulent, or were material to the acceptance of the risk or to the hazard assumed by MassMutual.

40.     Furthermore, if the true facts regarding Mr. May's health or medical history had been known to MassMutual at the time the Policy Application was made, MassMutual in good faith would not have issued the Policy.

41.     Pursuant to section 627.409 of the Florida Statutes, the misrepresentations, omissions, concealments of facts and/or incorrect or false statements of fact concerning Mr. May's health or medical history render the policy unenforceable, void, and of no force and entitle MassMutual to rescind the Policy.

9

WHEREFORE, MassMutual demands judgment in its favor against Mr. May, declaring that

the Policy issued by MassMutual is rescinded, canceled, void and of no force and effect, its costs in

bringing this action, and such other relief that this Court deems just and proper

DATED:          June 22, 1999

                                        Respectfully submitted,

                                        STEEL HECTOR & DAVIS LLP
                                        Attorneys for Plaintiff Massachusetts Mutual
                                           Life Insurance Company
                                        200 South Biscayne Boulevard
                                        Suite 4000
                                        Miami, Florida  33131
                                        Telephone:     (305) 577-2864
                                        Facsimile:     (305) 577-7001
                                        Email:         jmunn@steelhector.com


                                        By: _____
                                            Janet T. Munn
                                            Florida Bar No. 501281
                                            Susan Torres
                                            Florida Bar No. 133590


MIA_1998/506220-1

10

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

PLEASE REFER TO COURT FILE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**99-6774**

**I. (a) PLAINTIFFS**
MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY, a Massachusetts corporation,

**DEFENDANTS**
LISA H. MAY, individually and as Trustee
of the MARITAL TRUST under the will of
PAUL M. MAY,

**CIV-ZLOCH**   MAGISTRATE JUDGE
SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

99CV6774/Zloch/Seltzer

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Janet T. Munn, Steel Hector & Davis LLP
200 S. Biscayne Blvd., Suite 4000
Miami, FL 33131-2398 Tel: (305) 577-2864

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD,)   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A OR B | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).
Plaintiff seeks rescission of a life insurance policy.

LENGTH OF TRIAL via ___ 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
6-22-99

SIGNATURE OF ATTORNEY OF RECORD
Janet T. Munn

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____